IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JASON JORDAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:06-0722 |
| | ) JUDGE CAMPBELL/KNOWLES |
| | ) |
| TYSON FOODS, INC., | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Plaintiff's "Motion for Judgment on the Record or Judgment on the Facts" (Docket No. 11) and Defendant's "Motion for Summary Judgment" (Docket No. 27). Plaintiff has filed a Memorandum in support of the Motion (Docket No. 12) and a Statement of Undisputed Material Facts in support of the Motion (Docket No. 13).

In addition to its Motion for Summary Judgment, Defendant has filed a Response in Opposition to Plaintiff's Motion (Docket No. 23), a supporting Memorandum of Law (Docket No. 27), a Statement of Undisputed Facts (Docket No. 27), and a Response to Plaintiff's Statement of Undisputed Facts (Docket No. 26).

Judge Campbell has previously referred this matter to the undersigned for, *inter alia*, "reports and recommendations on all dispositive motions." Docket No. 18. There is no dispute as to any material fact, and the Court will treat the instant Motions as Motions for Summary Judgment, pursuant to Fed. R. Civ. P. 56.

This case involves a simple issue under the Employee Retirement Income Security

Act of 1974 ("ERISA"). Specifically, Plaintiff claims that Defendant failed to provide him with timely copies of documents and material that were allegedly required by 29 U.S.C. § 1132(c)(1)(B). That statute states as follows:

> **(c) Administrator's refusal to supply requested information; penalty for failure to provide annual report and complete form.** (1) Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.
>
> For purposes of this paragraph, each violation described in . . . subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation.

The instant case is the third in a series of related cases pending in this Court. Plaintiff's first lawsuit (Case No. 3:05-0966, hereinafter referred to as "*Jordan I*"), which is now set for trial in February 2007, claims that Defendant Tyson Fresh Meats, Inc., violated the Americans with Disabilities Act. Plaintiff next filed an action alleging that Defendants Tyson Foods, Inc., Tyson Foods, Inc. Group Health Plan, IBP Welfare Benefits Plan, and IBP, Inc., had violated his rights under ERISA and the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 1161 *et seq.* ("COBRA") (Case No. 3:05-0513, hereinafter referred to as "*Jordan II*"). The instant case is related to *Jordan II*, because Plaintiff initially claimed to have sought documents from Defendants in *Jordan II*, in connection with events that gave rise to his claims in *Jordan II,* and he claimed Defendants did not supply these documents until several years later,

2

when they filed them as a Supplement to the Administrative Record in *Jordan II*. In fact, Plaintiff sought to amend his Complaint in *Jordan II* in order to assert the claims he now asserts in the case at bar. Defendants in *Jordan II* opposed the Motion to Amend, arguing that such an amendment would be unfairly prejudicial and cause unfair delay. In order to obviate these objections, the undersigned severed these claims, directed the Clerk to assign a new case number to these claims, and directed Plaintiff to file a Complaint setting forth those claims. *See* Docket No. 67 in *Jordan II*.

When the instant case was severed from *Jordan II*, there were four Defendants: Tyson Foods, Inc., Tyson Foods, Inc. Group Health Plan, IBP, inc., and IBP Welfare Benefits Plan. Plaintiff later sought leave to amend his Complaint (Docket No. 15-1) to name "Tyson Foods, Inc.," as the sole Defendant. Docket No. 15-2. Plaintiff specifically stated in his Motion to Amend, "[I]t is now clear that Tyson Foods, Inc. is the only proper Defendant in regard to Plaintiff's § 1132(c)(1)(B) claim." Docket No. 15-1, p. 1. The Amended Complaint sued Tyson Foods, Inc., as the "Plan Sponsor and Plan Administrator of the Tyson Foods, Inc. Group Health Plan." Plaintiff was granted leave to amend his Complaint. Docket No. 20.

A detailed discussion of the underlying relationship between the parties and the circumstances that gave rise to the instant lawsuit can be found in a Report and Recommendation submitted by the undersigned in *Jordan II*. Docket No. 69 in *Jordan II*. That Report and Recommendation was subsequently adopted by Judge Campbell, and Defendants were granted a judgment on the merits in *Jordan II*. Docket No. 77 in *Jordan II*.

For purposes of the instant Motion, the following material facts are undisputed. On February 21, 2003, Plaintiff's former counsel sent a letter addressed to:

3

>       Paul Kirchner
>       IBP, Inc.
>       800 Stevens Port Drive, Suite 836
>       Dakota Dunes, SD 57049

That letter stated in part:

> I am formally requesting pursuant to 29 U.S.C. § 1132 *et seq.* (ERISA) a true, complete and accurate copy of the following: (1) the Plan Document; (2) the Summary Plan Description; (3) the administrative record; and (4) the name and contact number of the plan administrator. This request is applicable [to] all medical plans and disability plans applicable to Mr. Jordan.

That letter also stated that it "serve[ed] as Mr. Jordan's formal notice of appeal of the denial of his medical and disability benefits pursuant to ERISA."

By a letter dated April 15, 2003, Lois Bottomley apparently responded to the February 21 letter, and sent Plaintiff's former counsel a number of documents. Ms. Bottomley's letter was written on stationary of "Tyson Foods, Inc." It is undisputed that the Response did not include copies of the following documents, which are at issue in the instant lawsuit:

(1) The Summary Plan Description for the Tyson Foods Employee Welfare Plan,

(2) A copy of Plaintiff's October 4, 2002, enrollment form for the Tyson Foods Employee Welfare Plan,

(3) A copy of an envelope postmarked August 9, 2002, which had contained a coupon booklet from "IBP," addressed to Plaintiff and returned as undeliverable by the U.S. Postal Service, and

(4) A copy of an e-mail from Lonnie Smith to Corinda Wickey dated December 17, 2002.

Defendant subsequently produced these documents on January 31, 2006, in response to Plaintiff's discovery requests in *Jordan II*. They were also filed with the Court on that date in a

4

Supplement to the Administrative Record in *Jordan II*.

Plaintiff contends that his former counsel requested these documents in his letter dated February 21, 2003, discussed above. Plaintiff contends that the request in that letter for "the Summary Plan Description" should have been construed by IBP as a request for the Summary Plan Description of the Tyson Foods Employee Welfare Plan. Plaintiff further contends that the three other documents at issue were included in the letter's request for "the administrative record." Plaintiff reasons that, since Defendant did not provide these documents until January 31, 2006, he is entitled to damages under the statute at issue in the amount of $100 per day, for 1,045 days, for each of the four documents at issue.[1] Specifically, Plaintiff seeks statutory damages of $459,800.

The issue in the instant case can be summarily addressed, based upon Judge Campbell's adoption of the undersigned's Report and Recommendation submitted in *Jordan II*. One of the conclusions reached in that Report and Recommendation was that Plaintiff was never a "participant or beneficiary" in the Tyson Plan. Docket No. 69, p. 29-30 in *Jordan II*. It can readily be seen from the plain language of § 1132(c)(1)(B), that only participants or beneficiaries have rights under that statute. Because Plaintiff was never a participant or a beneficiary of the Tyson Plan, he has no rights against Defendant Tyson Foods, Inc., under § 1132(c)(1)(B).

Although it is somewhat unclear, Plaintiff may also seek to recover damages against Defendant Tyson Foods, Inc., because it is allegedly the "successor in interest to IBP in regard to

---

[1] Actually, Plaintiff seeks statutory damages in the amount of $110 per day. This is apparently a typographical error, since § 1132(c)(1)(B) plainly provides for damages of up to $100 per day.

5

ERISA-based liability related to the IBP Plan." To the extent that Plaintiff seeks to assert such a claim, however, he has not specifically discussed that claim in his supporting Memorandum, nor has he provided any authority for the proposition that § 1132(c)(1)(B) provides for "successor liability."

Moreover, an award of statutory damages under § 1132(c)(1)(B) is within the discretion of the Court. Even if Plaintiff could state a claim under the referenced statute, the Court should exercise its discretion not to award any statutory damages to Plaintiff, for a number of reasons, including the following.

First, Plaintiff claims that Defendant should have provided him with a copy of the Summary Plan Description for the Tyson Foods Employee Welfare Plan, even though Plaintiff never specifically asked for that document. The letter requesting the Summary Plan Description was sent to IBP, inc., not to Tyson. Plaintiff's request was for a copy of "the Summary Plan Description," but the request further stated, "This request is applicable [to] all medical plans and disability plans applicable to Mr. Jordan." The Tyson Plan was not applicable to Mr. Jordan.

Second, the statute at issue pertains only to "information which such Administrator is *required by this title to furnish to a participant or beneficiary. . . .*" (Emphasis added.) Admittedly, 29 U.S.C. § 1024(b)(4) requires an Administrator, upon written request, to furnish a participant or beneficiary "a copy of the latest updated summary plan description . . . ." The other three documents at issue in this case, however, are not documents that Defendant was "required by this title to furnish," even if Plaintiff had been a participant or beneficiary. Section 1132(c)(1)(B) is the penalty provision that applies when a Court finds a violation of the disclosure and reporting provisions of 29 U.S.C. § 1024(b)(4). *See Moothart v. Bell*, 21 F.3d

6

1499, 1503 (10th Cir. 1994). That Section provides in relevant part:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

Courts are hesitant to read these disclosure requirements broadly when a violation could trigger a statutory penalty of $100 per day. *Doe v. Travelers Ins. Co.,* 167 F.3d 53, 60 (1st Cir. 1999), *citing Groves v. Modified Retirement Plan,* 803 F.2d 109, 117-19 (3rd Cir. 1986); *Verkuilen v. Southshore Bldg. & Mort. Co.,* 122 F.3d 410, 412 (7th Cir. 1997); *Anderson v. Flexel, Inc.,* 47 F.3d 243, 248 (7th Cir. 1995).

Third, Plaintiff has suffered no prejudice from any alleged failure to provide the referenced documents. Plaintiff is not (and was not) covered by the Tyson Plan, and he could not have been prejudiced by the failure to provide it. The same is true for Plaintiff's October 4, 2002, enrollment form for benefits under the Tyson Plan.

Furthermore, Plaintiff has consistently taken the position that he did not receive the coupon booklet that was sent to him on August 9, 2002, by IBP. In *Jordan II*, Defendants recognized this proposition as well. It is, therefore, extremely unclear how Plaintiff could have been prejudiced by the failure to provide the envelope showing that it had been returned undelivered.

Additionally, Lonnie Smith's December 17, 2002, e-mail merely said that Plaintiff "should not have insurance coverage and we should not give him the opportunity to pay the premiums." Once again, the Court cannot understand how Plaintiff could have been prejudiced by the failure to produce this document. The position of the Defendants in *Jordan II* was that

7

Plaintiff did not have insurance coverage. Moreover, Defendants in *Jordan II* apparently paid no attention to Mr. Smith's recommendation that "we should not give him the opportunity to pay the premiums," because Defendants gave Plaintiff multiple opportunities to pay the premiums and resume his coverage. *See* Docket No. 69, p. 19-22 in *Jordan II*.

Finally, all the referenced documents were provided to Plaintiff and filed as part of the supplemental record in *Jordan II* long before Plaintiff filed his dispositive Motion in that case. Plaintiff referred to and relied upon these documents in his dispositive Motion in *Jordan II*.[2] Plaintiff clearly suffered no prejudice.

For the foregoing reasons, the undersigned concludes that there is no genuine issue as to any material fact and that Defendant is entitled to a judgment as a matter of law. Therefore, the undersigned recommends that Defendant's Motion for Summary Judgment (Docket No. 27) be GRANTED and that Plaintiff's "Motion for Judgment on the Record/Judgment on the Facts" (Docket No. 11) be DENIED.

Both parties have requested attorneys' fees. The undersigned recommends that the Court exercise its discretion not to grant attorneys' fees to either party. *See Secretary of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10)

---

[2] Plaintiff's discussion of these documents in his dispositive Motion in *Jordan II*, for the most part, was not a discussion of the documents themselves. Instead, Plaintiff's main focus was on an argument that Defendants' failure to produce these documents earlier evinced a lack of their good faith. Docket No. 38, p. 17 in *Jordan II*.

8

days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
E. Clifton Knowles
United States Magistrate Judge